**Kristina JUNCAJ, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 03–41083–AG.

United States Court of Appeals,
Second Circuit.

Dec. 12, 2005.

Sam Gjoni, New York, New York, for Petitioner.

Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Charles A. Guadagnino, Assistant United States Attorney, Milwaukee, Wisconsin, for Respondent.

Present: NEWMAN, RAGGI, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Kristina Juncaj, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion.

*See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

Preliminarily, we observe that the record in this case raises certain questions as to jurisdiction given that the challenged decision relates only to asylum and not an order of removal, *see* 8 U.S.C. § 1252, and some ambiguity as to petitioner's full exhaustion of administrative remedies, *see id.* § 1252(d)(1). No matter. Even if we assume these issues would be resolved in petitioner's favor, *see Fama v. Commissioner of Corr. Servs.,* 235 F.3d 804, 817 n. 11 (2d Cir.2000), petitioner would not be entitled to the relief sought.

In the present case, the IJ set forth five distinct reasons for denying asylum and withholding of removal. The IJ found Juncaj not to be credible because: (1) statements made at her airport interview were inconsistent with statements made in her written and oral testimony; (2) the stamps in her passport indicated that she had left Montenegro in August 2000, but she insisted that she left in October 2000; (3) Juncaj failed to present corroborating evidence for any aspect of her claim; (4) Juncaj claimed during direct examination that she was arrested and persecuted due to her activities in a Christian aid organization, a claim not mentioned in her first asylum application; and (5) Juncaj claimed to have left Montenegro twice and voluntarily returned.

Although the IJ's reliance on Juncaj's previous departures from Montenegro is questionable, given that Juncaj was given little opportunity to explain these departures at her hearing, no remand is warranted in this case because the other reasons for questioning her credibility convincingly demonstrate that Juncaj would have "no realistic possibility of a different result on remand." *Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 394–951 (2d Cir.2005).

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).